UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>SUZIE MOY YUEN,<br><br>          Defendant. | Case No.: CR 06-0238 JW (PVT)<br><br>**ORDER RE DEFENDANT'S MOTION TO EXCLUDE NON-PARTY'S ATTORNEY FROM DEPOSITION** |

In this case Suzie Moy Yuen is charged in an indictment with violations of 18 USC sections 1341 and 1346, Mail Fraud, and 26 USC section 7206(1), False Tax Return. Briefly, it is alleged that Ms. Yuen was employed by the alleged victim, an elderly man (named redacted from the public record by court order), and that "Between 1999 and 2003, Yuen embezzled approximately $1,417,360.33 from her employer..." and took certain actions to conceal the fraud. She is also charged with subscribing to materially false U.S. Individual Income Tax Returns for the years of 1999, 2001, 2002, 2003 and 2004, as well as other forfeiture allegations.

Due to the age and poor health of the victim, the defense has moved for and has been granted the opportunity to depose the victim pursuant to Rule 15 (Depositions) of the Federal Rules of Criminal Procedure ("Rule 15").

The victim has requested that he be represented at the Rule 15 deposition by Tony West of

Morrison and Foerster. The defense has taken the position that Mr. West should not be allowed to represent the victim at his Rule 15 deposition because Mr. West may himself be called as a witness at trial due to his involvement in pre-charge settlement discussions between the victim and Ms. Yuen. The defense has also objected to Mr. West's standing to make arguments here on behalf of his client, the alleged victim, who is not a party to these proceedings.

Mr. West argues that even if he is potential witness to pre-charge settlement negotiations he is not a "necessary witness" since the negotiations were witnessed by others, such as government case agents.

The defense argues that since Mr. West is a potential witness at trial, he should be excluded pursuant to Rule of Evidence 615 (Exclusion of Witnesses) ("Rule 615") because a Rule 15 criminal deposition is more like trial than a civil depositions. Rule 15(e) provides, in relevant part:

> "**(e) Manner of Taking.** Unless these rules or a court order provides otherwise, a deposition must be taken and filed in the same manner as a deposition in a civil action, except that:
>
> "**(1)** A defendant may not be deposed without that defendant's consent.
> "**(2)** The scope and manner of the deposition examination and cross-examination must be the same as would be allowed during trial.
> "**(3)** The government must provide to the defendant or the defendant's attorney, for use at the deposition, any statement of the deponent in the government's possession to which the defendant would be entitled at trial."

Rule 15 does not seem to encompass or anticipate the application of Rule 615. Rule 15(e) invokes Rule 30 of the Federal Rules of Civil Procedure (Depositions Upon Oral Examination) ("Rule 30") by its reference to depositions in a civil matter. Thus the defense argument that, as a potential witness at trial, Mr. West should be excluded from the Criminal Rule 15 deposition is incorrect. Although a Rule 15 deposition may seem more like trial than a Rule 30 deposition, it is *not* a trial. *United States v. Hayes*, 231 F.3d 663, 673 (9th Cir. 2000).

The defense further argues that Mr. West does not need to attend the victim's deposition because Morrison and Foerster has other lawyers who could handle the deposition. At the last hearing the court tentatively agreed with the defense that it seemed that the victim could be represented by another attorney from the law firm. The victim, however, continues to argue that he has a right to be represented by the specific lawyer of his choice, Mr. West, and that another lawyer

from the firm is not his lawyer of choice. Upon further briefing by Mr. West the court agrees with the victim's argument. *See Women in City Gov't United v. City of New York*, 112 F.R.D. 29, 32 (S.D.N.Y. 1986). In this New York case the District Court found that an apparent non-party had a right to have his own counsel represent him at a deposition rather than an attorney from the Corporate Counsel of the City of New York who could have represented him based upon his employment status.

    Good cause appearing therefor, it is HEREBY ORDERED that Defendant's motion is DENIED, and Tony West may represent the victim at the Rule 15 deposition of the victim in this case.

Dated: *8/18/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge