United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:06-cr-00238 EJD |
| Plaintiff(s), | **ORDER TO SHOW CAUSE** |
| v. | |
| SUZIE MOY YUEN, | [Docket Item No. 195] |
| Defendant(s). | |

Presently before the court is Defendant Suzie Moy Yuen's ("Defendant") Motion pursuant to 28 U.S.C. § 2255 challenging the conviction and sentence imposed by Judge James Ware within the criminal matter captioned above. See Docket Item No. 195. Having reviewed Defendant's Motion in conjunction with the court's docket, the court will issue an order to show cause for the reasons explained below.

**I. BACKGROUND**

On October 9, 2007, Defendant plead guilty pursuant to a written plea agreement of one count of Mail Fraud in violation of 18 U.S.C. §§ 1341 and 1346, and one count of Willfully Subscribing of False Tax Returns in violation of 26 U.S.C. § 7206(1). See Docket Item No. 167. Defendant was thereafter sentenced to a concurrent prison term of 20 months as to each count and a concurrent term of three years of supervised release as to each count. See Docket Item No. 181. Judgment was entered accordingly on March 28, 2008. See Docket Item No. 182.

Petitioner did not appeal the sentence. She filed the instant Motion on February 14, 2012.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside or correct a sentence by demonstrating (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

Section 2255(f) imposes a one-year statute of limitation for all motions brought under the statute. That section also provides:

> The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of § 2255(f)(1), a judgment becomes "final" when the period within which to file an appeal expires. See United States v. Schwartz, 274 F.3d 1220, 1223, n.1 (9th Cir. 2001). As noted above, judgment was entered in this action on March 28, 2008. Pursuant to Federal Rule of Civil Procedure 4(b), Defendant had fourteen days from that date within which to file an appeal. She did not do so. Accordingly, the judgment became final on April 11, 2008, and a timely motion under § 2255 should have been filed no later than April 11, 2009. Defendant did not file this motion until February 12, 2012 - nearly three years later. It is therefore untimely.

Defendant may be relying on subsection (f)(3) of § 2255 considering her citation of <u>Skilling v. United States</u>, __ U.S. __, 130 S. Ct. 2896 (2010). But even assuming that the Court's holding in that case fits within the portion of the statute, a timely § 2255 motion based on the <u>Skilling</u> decision should have been filed no later than June 24, 2011.

In light of the discussion above, it appears that Defendant's Motion should be summarily denied pursuant to § 2255(b). The court therefore issues the following show cause order as the court has raised this issue sua sponte. <u>See</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1043 (9th Cir. 2001).

### III.  ORDER

The court hereby issues an order to show cause why this Motion should not be summarily denied as untimely under subsections (b) and (f) of 28 U.S.C. § 2255.

If Defendant does not, by March 28, 2012, demonstrate good cause in writing why the Motion should not be summarily denied, the Court will issue a final order denying the Motion. No hearing will be held on the order to show cause unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

Dated: February 28, 2012



EDWARD J. DAVILA
United States District Judge

3

CASE NO. 5:06-cr-00238 EJD
ORDER TO SHOW CAUSE