**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br>v.<br><br>SUZIE MOY YUEN,<br><br>Defendant(s).<br>_____/ | CASE NO. 5:06-cr-00238 EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY**<br><br>[Docket Item No. 207] |

On March 27, 2012, the court denied Defendant Suzie Moy Yuen's ("Defendant") motion to vacate her sentence under 28 U.S.C. § 2255, finding the motion barred by the statute of limitations provided by subsection (f) of § 2255. See Docket Item No. 199. Defendant appealed from the order denying the motion to vacate. See Docket Item No. 200. Presently before the court is Defendant's motion for a certificate of appealability. See Docket Item No. 207. The Ninth Circuit Court of Appeals has remanded the case to this court in order to accommodate the court's determination of that limited issue. See Docket Item No. 208.

The denial of a § 2255 motion is not subject to appeal unless the defendant first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." Id. Generally speaking, a court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

1
CASE NO. 5:06-cr-00238 EJD
ORDER DENYING DEFENDANT'S MOTION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY

1  Where, as here, a § 2255 claim is denied on procedural grounds without reaching the merits
2 of the motion, the court must undertake a two-step analysis when deciding whether the issue a
3 certificate of appealability. Slack v. McDaniel, 529 U.S. 473, 484 (2000). A certificate should issue
4 if the applicant can show: (1) "that jurists of reason would find it debatable whether the district court
5 was correct in its procedural ruling;" and (2) "that jurists of reason would find it debatable whether
6 the petition states a valid claim of the denial of a constitutional right." Id.; Morris v. Woodford, 229
7 F.3d 775, 780 (9th Cir. 2000).

8  The court has broadly construed the instant motion as compliant with 28 U.S.C. § 2253(c)(2)
9 despite its brevity. Looking at the first step of the Slack analysis, the court concludes that "jurists of
10 reason" would not find the court's ruling debatable. As the court identified in both the Order to
11 Show Cause and the ensuing Order denying the motion to vacate (see Docket Item Nos. 197, 199),
12 the underlying criminal judgment became final in April, 2008. Since Defendant did not file the
13 motion to vacate until February 12, 2012 - nearly three years later - the motion was untimely on its
14 face. Similarly, without facts to establish an arguable basis for equitable tolling, Defendant's motion
15 to vacate was untimely based on the Supreme Court's opinion in Skilling v. United States, __ U.S.
16 __, 130 S. Ct. 2896 (2010), assuming the Court's ruling in that case created a "right" subject to §
17 2255(f)(3).

18  In addition, the court concludes that "jurists of reason" would not find it debatable whether
19 Defendant had stated a valid constitutional claim. Taking "a quick look at the face of the complaint"
20 (Sechrest v. Ignacio, 549 F.3d 789, 803 (9th Cir. 2008)), Defendant appears to argue that her
21 counsel's representation fell below the standard of practice due to a failure to predict the Supreme
22 Court's holding in Skilling, a case notably decided over two years after the guilty plea and judgment
23 in this case. Such a claim cannot constitute a valid claim for ineffective assistance of counsel. See
24 Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002) ("[C]ounsel's decision not to raise an
25 issue unsupported by then-existing precedent did not constitute ineffective assistance.").

26  In short, because the court has determined that "jurists of reasons" would neither find the
27 court's ruling debatable nor find that Defendant stated a valid claim of the denial of a constitutional
28 right, a certificate of appealability is not justified here. Accordingly, Defendant's motion for is

1  DENIED.  Consistent with the Ninth Circuit's remand order, the clerk shall forward the record to the
2  Court of Appeals with this order attached. <u>See</u> Docket Item No. 208.
3  **IT IS SO ORDERED.**

5  Dated:  June 14, 2012

   EDWARD J. DAVILA
   United States District Judge